Argued and submitted March 27, reversed and remanded September 18, 1996,
petition for review denied March 18, 1997 (325 Or 80)

# CITY OF PORTLAND,
a municipal corporation,
*Appellant,*

*v.*

# 1985 PORSCHE 944,
Oregon License No. SBG 345,
*Defendant in rem,*

*and*

# Lyle Robert CRAWFORD,
*Respondent.*

(92C 771815; CA A87032)

924 P2d 334

Nancy E. Ayres, Senior Deputy City Attorney, argued the cause and filed the brief for appellant.

Wayne Mackeson argued the cause and filed the brief for respondent.

Timothy R. Volpert, Lori Lee Brocker and Davis Wright Tremaine filed a brief *amicus curiae* for American Alliance. For Rights and Responsibilities.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

The City of Portland (the city) seeks to forfeit a 1985 Porsche 944 (the car) under a city ordinance on the ground that claimant Lyle Crawford (claimant) had committed an act of prostitution in it. The trial court held that the forfeiture would constitute an excessive fine under the federal constitution and dismissed the case. The city appeals. We hold that the trial court's determination was premature and reverse and remand.

In August 1992, while claimant was in the car, he agreed with an undercover police officer to engage in sexual conduct for a fee. As a result, he was arrested and charged with prostitution, subsequently pled guilty, and was fined $300 plus $45 in statutory fees. The agreement itself constituted the crime of prostitution, ORS 167.007, and, so far as the record shows, was the only act of prostitution involved.

After the state[1] charged claimant with the crime of prostitution, the city filed a complaint against the car *in rem*, seeking its forfeiture on the ground that the act of prostitution occurred in it.[2] Claimant appeared and opposed the forfeiture, raising a number of affirmative defenses, including that the forfeiture would constitute an excessive fine under the state and federal constitutions and that it would violate both constitutions' provisions against double jeopardy. After extensive briefing and argument, the trial court, on November 29, 1994, issued an opinion in which it agreed with the excessive fine defense under the federal constitution, suggested that the double jeopardy defense was also well taken, and dismissed the city's claim.[3] The court did not follow the

---

[1] We assume, but do not decide, that the involvement of separate public entities does not affect the constitutional issues in this case.

[2] The record does not disclose whether the city took possession of the car at the time of claimant's arrest or who currently has possession of it. The issue is not relevant to our decision.

[3] The trial court decided that the forfeiture was an excessive fine under the Eighth Amendment, "without determining whether an Oregon court might accord a claimant even more enhanced rights under section 16 of Oregon's Bill of Rights [which prohibits excessive fines] * * *." *But see State v. Kennedy*, 295 Or 260, 262, 268, 666 P2d 1316 (1983) ("all questions of state law [should] be considered and disposed of before reaching a claim that this state's law falls short of a standard imposed by the federal constitution"; if court is confronted with citation of Oregon

statutory mitigation procedures before reaching this conclusion.

■ We will first describe the applicable statutes and will then consider the issues that the trial court discussed. In Oregon Laws 1989, chapter 791, the legislature authorized local governments to adopt forfeiture ordinances if the ordinances complied with the procedures that the statute established.[4] By an amendment in 1993, the legislature provided a procedure for a court to mitigate a forfeiture. Or Laws 1993, ch 699, §§ 13-16.[5] Under that procedure, if the plaintiff prevails as to some or all of the property, it is to serve a proposed judgment on the claimant. The claimant may then file a motion for a mitigation hearing, at which the court may take evidence and make such orders as are necessary to ensure that the forfeiture is not excessive. Or Laws 1993, ch 699, § 13. The statute sets out a number of factors for the court to consider in determining whether a forfeiture would be excessive in the absence of mitigation. Or Laws 1993, ch 699, § 15.

The trial court correctly recognized that *Austin v. United States*, 509 US 602, 113 S Ct 2801, 125 L Ed 2d 488 (1993), holds that a forfeiture of property may constitute an excessive fine under the Eighth Amendment. However, it refused to follow the statutory procedure of first determining whether the car is subject to forfeiture and, if it is, then deciding whether the criteria in section 15 require mitigation so that the forfeiture will not be excessive. Rather, it went directly to the constitutional question of whether forfeiture of the car would be an excessive fine. It explained this decision

---

source tacked on as an afterthought, it may request that counsel either explain the state law claim or abandon it).

[4] Because Oregon Laws 1989, chapter 791, is automatically repealed on December 31, 1997, legislative counsel has not codified either the original provisions or the amendments that later legislatures made to them. Instead, it placed the statute and its amendments at the beginning of ORS chapter 166. As a result, the provisions are not organized in a logical fashion, new provisions appear in the order of their enactment rather than of their relationship to previous provisions, and some later section numbers duplicate those of the original statute. This creates potential confusion in citing these statutes.

[5] The city filed its complaint in September 1992, before the adoption of these provisions. Under Oregon Laws 1993, chapter 699, section 17, they apply to any case brought under the 1989 act "in which no judgment of forfeiture has been entered by a trial court on the effective date of this 1993 Act." The provisions, therefore, apply to this case.

by pointing out that under section 13 the issue of mitigation does not arise until the plaintiff has first prevailed. Because the court cannot determine whether a plaintiff has prevailed until it resolves the claimant's affirmative defenses, including the affirmative defense that forfeiture would be an excessive fine, it believed that it had to resolve that affirmative defense before the mitigation issue could even arise. That erroneous conclusion led the court to determine the constitutional question prematurely.

The trial court relied on an overly technical reading of the procedural rules rather than attempting to carry out the legislature's directive. The legislature has established criteria for determining whether a proposed forfeiture would be excessive and has established a procedure for applying those criteria. It is impossible for the court to determine whether a forfeiture would be constitutionally excessive until it has first applied those statutory criteria and determined what the forfeiture will in fact be.

Under section 13(1), the trial court must first decide whether the plaintiff has shown facts that would entitle it to a forfeiture under the statutory criteria. The claimant may then invoke section 13(2) and produce evidence to show that the forfeiture would be excessive. At the hearing, the court will apply the criteria in section 15 and make any appropriate adjustments. The net result is that the court will decide the issue of excessiveness under the statute before entering any judgment. It will then be in a position to determine if the actual judgment of forfeiture will constitute a constitutionally excessive fine; it cannot make that decision until it knows what the actual judgment will provide. Whether or not the statute follows usual procedures, it establishes an appropriate method for resolving those excessiveness issues that the legislature chose to address.

■    A basic rule of Oregon jurisprudence is that a court should consider all principles of state law before reaching a conclusion that this state's actions fall below federal constitutional standards. *See* note 3 above. Here the legislature has provided a procedure that appears to be expressly designed to give the court a method for avoiding the constitutional violation identified in *Austin* while still providing for at least a

limited forfeiture. Although we cannot say that following the statutory procedure and applying the statutory criteria will ensure that a forfeiture is constitutionally acceptable, doing so is certainly likely to increase the possibility that it is. Even if a proposed forfeiture, when unmitigated, would constitute a constitutionally excessive fine, the mitigation hearing could lead to such changes in the ultimate judgment that the forfeiture would no longer be excessive.

In short, the court cannot determine whether a forfeiture is constitutionally excessive until it knows what the ultimate forfeiture judgment will provide. Because the court ruled before it knew that fact, its determination that the forfeiture was excessive was premature. It should have honored the legislative decision and followed the statutory procedure.[6]

■ The court also suggested that the forfeiture would violate the state and federal double jeopardy clauses. It is wrong with respect to the federal constitution. *United States v. Ursery*, ___ US ___ , 116 S Ct 2135, 135 L Ed 2d 549 (1996). Both claimant and the court relied on pre-*Ursery* federal cases in discussing this issue, paying little or no attention to the Oregon Constitution or Oregon cases. We therefore do not decide whether Article I, section 12, has any impact on the government's authority to impose a forfeiture after a criminal conviction. Claimant may provide additional support for his state constitutional claims on remand.

Claimant's other arguments do not require discussion.

Reversed and remanded.

---

[6] We express no opinion on whether the criteria in section 15 are required by the Eighth Amendment or whether they are the only constitutionally relevant criteria. The Supreme Court did not discuss this issue in *Austin*, leaving it to the lower courts in the first instance. 509 US at 622-23. We also express no opinion on whether a forfeiture could be an excessive fine under the state constitution or, if so, what criteria would apply.